Mitchell K. FRIEDLANDER, Plaintiff–Appellant,

v.

PDK, LABS, INC., a New York Corporation, Defendant–Appellee.

No. 94–8299.

United States Court of Appeals, Eleventh Circuit.

July 27, 1995.

Kevin L. Ward, Erik V. Huey, Schulten & Ward, Atlanta, GA, for appellant.

James J. Wolfson, Kristen K. Darnell, Alston & Bird, Atlanta, GA, Marc J. Ross, Hartley T. Bernstein, Bernstein & Wasserman, New York City, for appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO O.C.G.A. § 15–2–9.

---

* Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

TO THE SUPREME COURT OF GEOR-
GIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of
Appeals for the Eleventh Circuit that this
case involves an unanswered question of
Georgia law that is determinative of this
appeal. Therefore, we certify the following
question of law, based on the facts and proce-
dural history recited below, to the Supreme
Court of Georgia for instructions.

### FACTS

Appellant, Mitchell K. Friedlander, ob-
tained a patent on a diet control drug and is
in the process of obtaining approval for his
patented product from the Food and Drug
Administration (FDA). Appellee, PDK
Labs, Inc. (PDK), markets and sells diet
control products. Friedlander alleges that
PDK unfairly and deceptively markets its
products. Specifically, he alleges that PDK
has failed to disclose to consumers that its
products are untested and lack FDA approv-
al. Friedlander contends that purchasers
have relied on these misrepresentations, and
that, consequently, PDK has injured the gen-
eral consuming public. Friedlander also
claims that PDK's alleged misrepresentations
have eroded general consumer confidence in
weight control products; as a result, PDK's
actions have reduced the desirability of his
product and thereby injured his business.

### PROCEDURAL HISTORY

On November 19, 1993, Friedlander filed a
complaint in the Superior Court of Fulton
County, Georgia. Friedlander alleged that
PDK violated the Georgia Fair Business
Practices Act (FBPA), O.C.G.A. § 10–1–390
et seq., and requested: (1) a temporary re-
straining order and a preliminary injunction
prohibiting the marketing and sale of PDK's
products; (2) a permanent injunction re-
straining the marketing and sale of PDK's
products until PDK obtains FDA approval;
(3) restitution and treble damages for con-
sumers who had purchased PDK's products;
(4) damages to compensate his losses; and
(5) attorneys' fees. PDK removed the case
to the United States District Court for the
Northern District of Georgia, and filed a
motion to dismiss. Friedlander then sought
to amend his complaint to allege that PDK's
misrepresentations had also caused him, per-
sonally, to purchase its diet control products.

On February 26, 1994, the district court
granted PDK's motion to dismiss, explaining
that Friedlander was either "attempting to
bring this suit in a representative capacity on
behalf of the consuming public even though
he himself has suffered no actual harm as a
consumer" or was "seek[ing] a private reme-
dy for competitive disadvantage." In either
case, the district court held that Friedlander
could not maintain a cause of action under
the FBPA. Because it dismissed the lawsuit,
the district court denied Friedlander's mo-
tion to amend his complaint.** Friedlander
then filed this appeal.

### DISCUSSION

■ It is clear that a plaintiff may only
bring an action under the FBPA against a
defendant who engages in deceptive or unfair
practices that have the potential to harm the
general consuming public. See, e.g., Lynas v.
Williams, 216 Ga.App. 434, 436, 454 S.E.2d
570, 573 (1995). This requirement is not a
problem in this case because Friedlander
alleges that PDK's deceptive acts have
harmed the general consuming public.

■ The Georgia Court of Appeals, how-
ever, has also stated that a plaintiff may only
bring a lawsuit under the FBPA "in his
capacity as an *individual member of the
consuming public* who has suffered damage
as the result of an unfair or deceptive act or
practice which had or has potential harmful
effect on the general consuming public."
*Zeeman v. Black*, 156 Ga.App. 82, 84, 273
S.E.2d 910, 914 (1980) (emphasis added).
Friedlander is a potential competitor of
PDK, not a member of the consuming public.

---

** The district court noted that Friedlander's law-
suit was subject to dismissal even when consider-
ing his amended complaint. Specifically, the
district court found that, given Friedlander's ex-
perience with the diet control market, his claim
that he, as an individual consumer, was duped
into purchasing PDK's products lacked any basis.
Friedlander does not challenge this finding on
appeal.

Thus, under *Zeeman*, it would appear that Friedlander does not have a cause of action.

Nonetheless, the purpose of the FBPA is "to protect consumers *and legitimate business enterprises* from unfair or deceptive practices." O.C.G.A. § 10–1–391(a) (emphasis added). The use of the conjunctive "and" may mean that the FBPA is not limited to individual consumers. If the FBPA also protects legitimate business enterprises, perhaps Friedlander does have a cause of action, for his complaint alleges that his competitor, PDK, has engaged in unfair and deceptive practices that harm the general consuming public. Furthermore,

> [a]ny person who suffers injury or damages ... or whose business or property has been injured or damaged as a result of consumer acts or practices ... in violation of [the FBPA] may bring an action individually, but not in a representative capacity, against the person or persons engaged in such unlawful consumer acts or practices....

O.C.G.A. § 10–1–399(a). Contrary to *Zeeman*, this provision does not appear to limit actions under the FBPA to individual members of the consuming public; instead, it simply allows any person that has been injured as a result of a FBPA violation to bring an action. Thus, whether a FBPA plaintiff must be an individual member of the consuming public seems to be an unsettled question of Georgia law.

Accordingly, we certify the following question to the Supreme Court of Georgia:

> Do non-consumers have a cause of action under the FBPA when they allege an injury due to a competitor's misrepresentations to the general consuming public?

The phrasing of this question is not intended to limit the Supreme Court in considering the issue presented or the manner in which it gives its answer. The entire record in this case and the briefs of the parties shall be transmitted to the Supreme Court of Georgia for assistance in answering this question.

QUESTION CERTIFIED.