S95Q1740. FRIEDLANDER v. PDK LABS, INC.

(465 SE2d 670)

CARLEY, Justice.

Friedlander developed a patented diet control drug for which he is seeking approval from the Food and Drug Administration. PDK Labs, Inc. (PDK) markets its own diet control products and is, therefore, Friedlander's competitor. In state court, Friedlander brought suit against PDK, alleging a violation of the Georgia Fair Business Practices Act (FBPA), OCGA § 10-1-390 et seq. According to the allegations of Friedlander's complaint, PDK unfairly and deceptively markets its diet control products by failing to disclose that those products are untested and lack governmental approval. The complaint further alleges that such failure to disclose injures the general consuming public and erodes general consumer confidence in weight control products. This course of conduct by PDK allegedly reduces the desirability of Friedlander's product and causes damage to his business. After the case was removed to federal court, PDK filed a motion to dismiss. The district court granted the motion and on appeal, the United States Court of Appeals for the Eleventh Circuit certified the following question: "Do non-consumers have a cause of action under the FBPA when they allege an injury due to a competitor's misrepresentations to the general consuming public?" *Friedlander v. PDK Labs*, 59 F3d 1131, 1133 (11th Cir. 1995).

The model act upon which the FBPA is based extends its coverage to all commercial dealings, "outlawing 'unfair methods of competition and unfair or deceptive acts or practices in the conduct of *any* trade or commerce. . . .' " (Emphasis in original.) *State of Ga. v. Meredith Chevrolet*, 145 Ga. App. 8, 11 (2) (244 SE2d 15) (1978), aff'd 242 Ga. 294 (249 SE2d 87) (1978). At the time the FBPA was enacted, however, the Uniform Deceptive Trade Practices Act, OCGA § 10-1-370 et seq., was already in effect in this state. Unlike the expansive model act, the FBPA as enacted in Georgia "limits its coverage to activities '. . . in the conduct of *consumer transactions and consumer acts or practices in* trade or commerce . . . .' [Cits.]" (Emphasis in original.) *State of Ga. v. Meredith Chevrolet*, supra at 11-12 (2). It is, therefore, clear that the FBPA was intended to provide relief to consumers and not to competitors. Note, The Georgia Fair Business Practices Act: Business as Usual, 9 Ga. State Univ. L. Rev. 453, 468-469 (1993). This construction is mandated so as to "make meaningful the carefully selected language" of OCGA § 10-1-393 (a) "which defines the scope of the FBPA. If the legislature had intended a scope commensurate with the model Act, it would have adopted the language of that model." *State of Ga. v. Meredith Chevrolet*, supra at 13 (2).

A person who suffers injury or damages, or whose business or

property has been injured or damaged, as a result of consumer acts or practices may bring an action under the FBPA "individually, but not in a representative capacity. . . ." OCGA § 10-1-399 (a). A suit predicated upon an alleged violation of the FBPA must be brought in the plaintiff's "capacity as an individual member of the consuming public. . . ." *Zeeman v. Black*, 156 Ga. App. 82, 84 (273 SE2d 910) (1980). See also *Gross v. Ideal Pool Corp.*, 181 Ga. App. 483, 484 (1) (352 SE2d 806) (1987). A suit is not brought in the capacity of an individual member of the consuming public when the plaintiff's only allegation of an injurious consumer act or practice relates to representations made by his competitor in the marketing of competing products to the general consuming public. Of course, if a business, as a consumer, sustains damage, it may bring suit under OCGA § 10-1-399 (a). OCGA §§ 10-1-391 (a); 10-1-392 (a) (7). However, we are not empowered to expand the coverage of the FBPA to provide a cause of action to non-consumers against their competitors. See *State of Ga. v. Meredith Chevrolet*, supra at 13-14 (2).

Accordingly, we answer the certified question in the negative.

*Certified question answered. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Schulten, Ward & Turner, Kevin L. Ward, Erik V. Huey, Julie H. McGhee,* for appellant.

*Alston & Bird, Kristen K. Darnell, James J. Wolfson,* for appellee.