United States Court of Appeals,

Eleventh Circuit.

No. 94-8299.

Mitchell K. FRIEDLANDER, Plaintiff-Appellant,

v.

PDK LABS, INC., a New York Corporation, Defendant-Appellee.

July 26, 1996.

Appeal from the United States District Court for the Northern District of Georgia (No. 1:93-CV-2706-ODE);   Orinda D. Evans, Judge.

Before HATCHETT and EDMONDSON, Circuit Judges, and GIBSON[*], Senior Circuit Judge.

PER CURIAM:

In our prior opinion in this case published as *Friedlander v. PDK Labs, Inc.,* 59 F.3d 1131 (11th Cir.1995), we stated:

> It is clear that a plaintiff may only bring an action under the FBPA against a defendant who engages in deceptive or unfair practices that have the potential to harm the general consuming public....
>
> The Georgia Court of Appeals, however, has also stated that a plaintiff may only bring a lawsuit under the FBPA "in his capacity as an *individual member of the consuming public* who has suffered damage as the result of an unfair or deceptive act or practice which had or has potential harmful effect on the general consuming public." *Zeeman v. Black,* 156 Ga.App. 82, 84, 273 S.E.2d 910, 914 (1980) (emphasis added).
>
> [T]he purpose of the FBPA is "to protect consumers *and legitimate business enterprises* from unfair or deceptive practices." O.C.G.A. § 10-1-391(a) (emphasis added). The use of the conjunctive "and" may mean that the FBPA is not limited to individual customers. If the FBPA also protects legitimate business enterprises, perhaps Friedlander does have a cause of action, for his complaint alleges that his competitor, PDK, has engaged in unfair and deceptive practices that harm the general consuming public.... Thus, whether a FBPA plaintiff must be an individual member of the consuming public seems to

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

be an unsettled question of Georgia law.

*Friedlander,* 59 F.3d 1131, 1132-33 (11th Cir.1995).

After determining this case involved an unsettled question of Georgia law, we certified the following question to the Supreme Court of Georgia:

> Do non-consumers have a cause of action under the FBPA when they allege an injury due to a competitor's misrepresentations to the general consuming public?

*Friedlander,* 59 F.3d 1131, 1133 (11th Cir.1995).

The Supreme Court of Georgia has now answered the certified question in the negative stating:

> A person who suffers injury or damages, or whose business or property has been injured or damaged, as a result of consumer acts or practices may bring an action under the FBPA "individually, but not in a representative capacity...." OCGA § 10-1-399(a). A suit predicated upon an alleged violation of the FBPA must be brought in the plaintiff's "capacity as an individual member of the consuming public...." *Zeeman v. Black,* 156 Ga.App. 82, 84 (273 SE2d 910) (1980). See also *Gross v. Ideal Pool Corp.,* 181 Ga.App. 483, 484 (352 SE2d 806) (1987). A suit is not brought in the capacity of an individual member of the consuming public when the plaintiff's only allegation of injurious consumer act or practice relates to representations made by his competitor in the marketing of competing products to the general consuming public. Of course, if a business, as a consumer, sustains damage, it may bring suit under OCGA § 10-1-399(a). OCGA §§ 10-1-391(a), 10-1-392(7). However, we are not empowered to expand the coverage of the FBPA to provide a cause of action to non-consumers against their competitors. See *State of Ga. v. Meredith Chevrolet, Inc.,* supra [145 Ga.App. 8] at 13-14 [244 S.E.2d 15 (1978) ].

*Friedlander v. PDK, Labs, Inc.,* 266 Ga. 180, 465 S.E.2d 670 (1996).

Accordingly, we affirm the district court's judgment granting PDK's motion to dismiss since Friedlander cannot maintain a cause of action under the FBPA.

AFFIRMED.