[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11760
_____

D.C. Docket No. 4:09-cv-00125-HLM

ECO SOLUTIONS, LLC,

Plaintiff - Counter Defendant - Appellant,

PREMIER POLYMERS, LLC,

Plaintiff - Counter Defendant,

versus

VERDE BIOFUELS, INC.,
R. SAMUEL BELL, JR.,

Defendants - Third Party Plaintiffs –
Counter Claimants - Appellees,

GEORGE THOMAS PEEPLES, et al.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 9, 2013)

Before MARTIN, HILL and BARKSDALE,[*] Circuit Judges.

PER CURIAM:

This appeal arises from the grant of summary judgment in favor of Defendant R. Samuel Bell, Jr., in a contract dispute with Eco Solutions, LLC. Bell guaranteed certain financial obligations of Verde Biofuels, Inc. Eco argues that summary judgment should have been granted in its favor or, alternatively, that this dispute should have been sent to a jury.

This Court reviews de novo a district court's order granting summary judgment. St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999). Summary judgment is appropriate where a court finds that no genuine dispute of material fact exists "and that the moving party is entitled to judgment as a matter of law." Id. (quotation marks omitted). "When reviewing a grant of summary judgment, we may affirm on any adequate ground, regardless of whether the district court relied on that ground." McCabe v. Sharrett, 12 F.3d 1558, 1560 (11th Cir. 1994).

Eco Solutions, LLC, a seller of biodiesel fuel, and Verde Biofuels, Inc., a buyer of biodiesel fuel, amended their sales contract in February of 2008 at a time when Verde was already significantly indebted to Eco. Contemporaneously with the Amended Agreement, Bell, the owner and president of Verde, signed a

---

[*] Honorable Rhesa H. Barksdale, United States Circuit Judge for the Fifth Circuit, sitting by designation.

2

Guaranty Agreement, personally guaranteeing to pay all <u>future</u> debts to Eco, but assuming no personal liability on <u>past</u> debts. Specifically, the guaranty was for "debts, liabilities, and obligations [which] may accrue after the execution hereof," but not for "the debts, liabilities, and obligations . . . which accrued or were incurred before the execution of this Guaranty." The parties have looked to Georgia law in arguing this case, and we will do the same in deciding it.

The central question of this contract dispute is whether the money paid by Verde <u>after</u> the Amended Agreement, presumably for new shipments of biodiesel fuel, but allocated by Eco to pay down Verde's <u>past</u> debts, increases Bell's liability under the Guaranty Agreement. As the district court pointed out, "[i]t is undisputed that, if all post-[Amended] Agreement payments made by Defendant Verde are applied to invoices for post-[Amended] Agreement shipments, there is a zero balance on Defendant Bell's Guaranty."

Because we find that the Guaranty Agreement was unambiguously confined to Verde's future debts and it is undisputed that Verde paid Eco more than enough money to cover its orders after the Amended Agreement, we affirm the district court. "[T]he cardinal rule of contract construction is to determine the intent of the parties." <u>Flynt v. Life of South Ins. Co.</u>, 718 S.E.2d 343, 347 (Ga. Ct. App. 2011); <u>see also</u> Ga. Code Ann. § 13-2-3 (2012). "There is a strong public policy in favor

of enforcing contracts as written and agreed upon." Daniel v. Daniel, 301 S.E.2d 643, 645 (Ga. 1983).

Under Georgia law, "the trial court must [first] decide whether the contract language is clear and unambiguous. If it is, the trial court simply enforces the contract according to its clear terms; the contract alone is looked to for meaning." Importers Serv. Corp. v. GP Chem. Equity LLC, 476 F. App'x 717, 720 (11th Cir. 2012) (quoting McKinley v. Coliseum Health Grp., LLC, 708 S.E.2d 682, 684 (Ga. Ct. App. 2011)). "If the language . . . is clear, unambiguous, and capable of only one reasonable interpretation, no construction is necessary or even permissible by the court." Laun v. AXA Equitable Life Ins. Co., 716 S.E.2d 760, 763 (Ga. Ct. App. 2011) (quotation marks omitted).

The Guaranty Agreement clearly and unambiguously states that it applies to future indebtedness not past debts. We conclude that the one reasonable interpretation is that Bell was liable for future debts and not liable for past debts. Therefore, the construction of the contract that Eco advocates here, in which Bell will essentially be held liable for debts that pre-dated the Guaranty Agreement, is contrary to the intent of the parties and the guaranty. For this reason, we affirm the district court's grant of summary judgment in favor of Bell.

**AFFIRMED.**

4