[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14588
_____

D.C. Docket No. 4:05-cv-00249-HLM

CITY OF ROME, ET AL.,

Plaintiffs – Appellants,

versus

HOTELS.COM, L.P., ET AL.,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 13, 2013)

Before PRYOR and HILL, Circuit Judges, and HALL,* District Judge.

HALL, District Judge:

_____

* Honorable J. Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

Plaintiff City of Rome, on behalf of the certified class of over 250 cities and counties throughout Georgia ("the Localities"), appeals both the district court's grant of summary judgment on its claims for back taxes allegedly owed by the defendant online travel companies ("OTCs") and the district court's imposition of sanctions for violation of its disclosure obligations under Federal Rule of Civil Procedure 26(a). The Localities argue that they are entitled to relief under O.C.G.A. § 48-13-50 *et seq.* ("the Enabling Statute"), as well as on their state common law claims. Alternatively, they propose that this Court certify a question to the Georgia Supreme Court regarding the precedential effect of two decisions relied upon by the District Court. However, because (1) the Localities failed to present evidence that the OTCs actually collected excess taxes, (2) state law clearly precludes relief, and (3) the district court did not abuse its discretion in imposing sanctions under Federal Rule of Civil Procedure 37(c), we deny the Localities' request to certify the proposed question and affirm the district court's grant of summary judgment.

## I.    BACKGROUND

This class action is one of several cases brought by various counties and municipalities across the state challenging how OTCs calculate the appropriate hotel occupancy tax under the Enabling Statute. The Localities are a certified class consisting of all but two cities and counties in Georgia that have enacted excise tax

2

ordinances pursuant to the Enabling Statute.[1] The OTCs are a group of online travel companies that offer online travel services that help consumers, among other things, book hotel reservations throughout the state of Georgia.

At issue in the case is the OTCs' business model, specifically, their method of calculating and remitting the appropriate amount of local occupancy taxes under the Enabling Statute. The OTCs contract with hotels to purchase hotel rooms at a negotiated "wholesale" rate. They then sell these rooms to consumers at a higher "retail" rate. At the time of sale, the customer is charged a single amount consisting of the retail rate and an additional amount which the OTCs characterize as "taxes and fees."[2] The hotels then invoice the OTCs for the negotiated "wholesale rate" plus any taxes applicable to the "wholesale" price.  The hotels then remit the taxes due under the Enabling Statute to the appropriate city or county. The Localities allege that the OTCs have violated the Enabling Statute by failing to pay the local occupancy tax on the retail rate charged to customers. They seek to recover unpaid occupancy taxes from the OTCs on these transactions.

After more than five years of litigation, the parties entered into a partial settlement agreement. The OTCs agreed to pay an initial sum corresponding to the

---

[1] The cities of Atlanta and Columbus opted out of the class and brought individual law suits against various OTCs.

[2] The combined line item charge consists of a tax recovery charge and a service fee charge. The tax recovery charge represents the amount the OTCs collect to cover anticipated taxes. However, the combined line item charge is not itemized, but instead is represented as a single charge to the customer.

3

excess taxes[3] owed on all transactions occurring after May 16, 2011, as well as, to collect and remit occupancy taxes on the retail rate on all future transactions. However, the settlement agreement expressly reserved for judicial resolution the OTCs' liability for back taxes owed on all transactions prior to May 16, 2011.

On those claims, the district court granted summary judgment in favor of the OTCs. It concluded that the Localities failed to present evidence showing that the OTCs actually collected, but failed to remit, taxes in non-breakage transactions[4] on the retail rate. It also held that Georgia law did not permit recovery of back taxes that the OTCs never collected. Finally, it excluded the Localities' evidence of damages in breakage transactions[5] because the Localities failed to disclose computations of breakage damages required under Rule 26(a).

The Localities argue that the district court erred in granting the OTCs motion for summary judgment. First, the Localities assert that there was sufficient evidence to present a jury question on whether the OTCs actually collected but failed to remit taxes on the retail rate. Second, the Localities contend that the OTCs are liable for back taxes they never collected pursuant to City of Atlanta v. Hotels.com, 289 Ga. 323 (2011). Third, the Localities argue that City of Atlanta

---

[3] Excess taxes are the difference in amount between taxes collected at the retail and wholesale rates.

[4] Non-breakage transactions are those where the OTC remitted at least some portion of tax monies collected.

[5] Breakage transactions are those where the OTC does not remit any monies collected, including hotel excise taxes, to the hotel because either the customer failed to show up for the reservation or the hotel failed to invoice the OTC.

4

and Expedia, Inc. v. City of Columbus, 285 Ga. 684 (2009), do not preclude all legal and equitable relief for back taxes in this case. Fourth, the Localities request that we certify a question to the Georgia Supreme Court. Fifth, the Localities assert that the district court abused its discretion in imposing sanctions under Rule 37 for the Localities' failure to comply with their disclosure obligations under Rule 26.

## II.   STANDARD OF REVIEW

This appeal is governed by two standards of review. First, this Court reviews de novo a district court's grant of summary judgment and applies the same standards applied by the district court. Acevedo v. First Union Nat'l Bank, 357 F.3d 1244, 1246-47 (11th Cir. 2004) (citing Valley Drug Co. v. Geneva Pharm., Inc., 344 F.3d 1294, 1303 (11th Cir. 2003). A motion for summary judgment is properly granted when "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a summary judgment motion, the record and all reasonable inferences must be viewed in the light most favorable to the non-moving party. Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co., 320 F.3d 1260, 1267 (11th Cir. 2003). "When reviewing a grant of summary judgment, we may affirm on any adequate ground, regardless of whether the district court relied on that ground." Eco Solutions, LLC v. Verde Biofuels, Inc., 518 Fed. Appx. 790,

5

791 (11th Cir. 2013) (citing McCabe v. Sharrett, 12 F.3d 1558, 1560 (11th Cir. 1994)).

Second, this Court reviews a district court's imposition of sanctions pursuant to Rule 37 for abuse of discretion. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

## III. DISCUSSION

We affirm the district court's award of summary judgment. First, the Localities' claims for back taxes actually collected under both the Enabling Statute and state common law fail because they did not provide any evidence showing that the OTCs actually collected taxes on the retail rate. Second, Georgia law does not permit the Localities to recover back taxes that the OTCs never, but ought to have, collected. Third, the district court did not err by only fashioning prospective equitable relief. Fourth, we decline to certify any question to the Georgia Supreme Court. And fifth, the district court did not abuse its discretion in sanctioning the Localities for their failure to comply with Rule 26(a).

### A. The Localities' Claim for Taxes "Actually Collected" but Not Remitted in Non-Breakage Transactions

#### 1. Relief Under the Enabling Statute

O.C.G.A. § 48-13-51(a)(1)(B)(i) provides that "[e]very . . . entity subject to a tax levied as provided in this Code section shall . . . be liable for the tax at the applicable rate on the lodging charges actually collected[.]" The Localities contend

that the district court erred because the evidence presented is sufficient to create a jury question on whether OTCs actually collected, but failed to remit, taxes on the retail rate.

The Localities presented the following evidence: (1) that the OTCs represented to customers that the "taxes and fees" line item charge included an estimated amount to cover all taxes and that they paid all applicable taxes, including local occupancy taxes; (2) that the "taxes and fees" charged by the OTCs and the tax rate charged by the hotels themselves (in non-OTC transactions) were approximately the same; (3) that the OTCs calculated the "taxes and fees" line item charge by using the retail rate; (4) that the "taxes and fees" charge is generally equivalent to the amount of taxes based on the retail rate; (5) that in virtually every transaction the line item charge was enough to pay the additional tax on the retail rate; and (6) that the service fee is not tied to any services or costs incurred by the OTCs.

We, however, agree with the district court that the evidence cited above is insufficient to allow a reasonable jury to find that the OTCs collected but failed to remit taxes on the retail rate. While "[i]t is the jury that chooses among allowable inferences . . . . a jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility." Daniels v. Twin Oaks Nursing Home, 692 F.2d 1321, 1326 (11th Cir. 1982). Crucially, the

evidence presented by the Localities does not permit a jury to decide – beyond guesswork and conjecture – what amount of the "taxes and fees" line item charge was taxes, and what amount was fees. Even more critical, the evidence does not permit a jury to reasonably conclude that the entire "taxes and fees" charge, just the fees portion charge, or *any* of the line item charge at all was collected as a tax on the retail rate.

Rather, we agree with the district court that the "evidence shows that OTCs calculate the Tax Recovery Charge based on the wholesale rate, not based on the retail rate" **[Doc. no. 696 at 12]**; that "Plaintiffs receive hotel occupancy tax payments for the transactions at issue based on the wholesale rate" **[Id. at 13]**; that "[a]t best Plaintiffs' evidence indicates that OTCs calculate the taxes and fees [combined line item] charge by applying the tax rate to the retail rate" [**Id. at 13, n.10**]; and that Plaintiffs "fail to demonstrate that OTCs calculate the Tax Recovery Charge – one portion of the taxes and fees charge – by applying the tax rate to the retail rate." **[Id.]** While the Localities offer facts that they hope raise the Court's eyebrows, they, after years of discovery, have failed to present sufficient evidence that raises a genuine question that the OTCs, in fact, collected any taxes above the wholesale rate. Accordingly, the district court's award of summary judgment on the Localities' claim for taxes actually collected is **AFFIRMED**.

2.    *The Localities' Remaining Common Law and Statutory Claims*

As a result of the Localities' failure to present evidence that the OTCs actually collected taxes they failed to remit, their common law and Uniform Deceptive Trade Practices Act ("UDTPA") claims similarly fail. The Localities' primary basis on appeal that the district court erred in dismissing their common law claims is that a question of fact remains as to whether the OTCs collected but failed to remit taxes on the retail rate. The Localities' common law claims for conversion, money had and received, and imposition of a constructive trust all require a finding that the OTCs collected but failed to remit excess taxes. Thus, where there is no genuine dispute of fact as to whether the OTCs actually collected excess taxes, the district court's grant of summary judgment on their conversion, money had and received, and constructive trust claims was proper.

And while their failure to present evidence showing that the OTCs actually collected excess taxes is likely fatal to their UDTPA claim, this claim fails for an even more fundamental reason: injunctive relief is the only remedy available to a party under the UDTPA. See Friedlander v. HMS – Pep Products, Inc., 226 Ga. App. 123, 124 (1997); see also Akron Pest Control v. Radar Exterminating Co., Inc., 216 Ga. App. 495, 498 (1995). Moreover, injunctive relief is only appropriate "to prevent, prohibit or protect from future wrongs . . . [it] does not afford a remedy for what is past." Catrett v. Landmark Dodge, Inc., 253 Ga. App. 639, 644

(2002). Here, the district court already granted injunctive relief through the partial settlement agreement requiring the OTCs to remit taxes on the retail rate. Thus, the Localities have not and cannot show that they are likely to be damaged by the OTCs allegedly deceptive trade practices in the future. Accordingly, the district court's grant of summary judgment on the Localities' common law and UDTPA claims is **AFFIRMED**.

**B. The Localities' Claim for Taxes That OTCs Never Collected**

Alternatively, the Localities argue that the district court erred in granting summary judgment on their claim for back taxes that the OTCs should have collected. They contend that City of Atlanta announced a new rule that required OTCs to collect and remit taxes on the retail rate and that this rule has retroactive application. See City of Atlanta, 289 Ga. at 327 ("OTCs shall collect and remit those tax monies lawfully, i.e., based on the room rate charged to the consumers for occupancy."). Thus, they argue that the district court erred in holding that the Georgia Supreme Court "explicitly limited the retroactive operation of its opinion and held that Plaintiffs do 'not have a remedy for back taxes.'" **[Doc. no. 696 at 57-58.]** Rather, they believe that the retroactive application of the two Georgia Supreme Court decisions clearly establishes their right to collect back taxes the OTCs failed to collect.

10

The Localities, however, are mistaken. The two Georgia Supreme Court decisions clearly foreclose any relief for back taxes against third-party tax collectors such as the OTCs. In City of Columbus, 285 Ga. 684, the Court found that the OTC was duty bound to remit the occupancy tax by virtue of its contract with the city hotels. Id. at 688. It further found that the proper rate was the retail rate charged to the customer, and not the negotiated wholesale rate. Id. at 689-90. However, it ultimately held that while the city might normally be entitled to damages in the form of back taxes, in a tax dispute between the city and a hotelier that failed to remit taxes collected, the city had no remedy for back taxes against the OTC. "Because [the OTC] has not been adjudicated an innkeeper, the tax enforcement provisions of the Enabling Statute . . . do not contemplate or provide for an enforcement action against a third-party tax collector such as [the OTC]." Id. at 691. Due to a lack of a legal remedy for back taxes, however, the Georgia Supreme Court found that the city was entitled to injunctive relief. Id. at 691.

Likewise, in City of Atlanta, 289 Ga. 323, the Georgia Supreme Court affirmed the trial court's imposition of injunctive relief. The Georgia Supreme Court explicitly found no error with the trial court's holding that "the [c]ity did not have a remedy under the Enabling Statute or its hotel occupancy tax ordinance because the OTCs were not innkeepers or hotel operators." Id. at 328.

11

Here, the Localities' attempt to construe either decision as supporting a remedy for back taxes is without merit. Neither case recognizes a mechanism for the Localities to recover back taxes from the OTCs. The district court, consistent with Georgia law, determined that the OTCs were not innkeepers under the Enabling Statute. The Localities' have not challenged this conclusion. Consequently, the district court properly concluded:

> Whereas the collection provisions of the Enabling Statute apply to OTCs as third-party tax collectors, the enforcement provisions of the Enabling Statute "do not contemplate or provide for an enforcement action against a third-party tax collector such as OTCs."

**[Doc. no. 696 at 58.]** Where the Georgia Supreme Court has consistently denied the requested relief under the Enabling Statute, we refuse the Localities' invitation to create such a remedy. The only remedy that the Georgia Supreme Court has recognized is injunctive relief. Thus, the Localities have failed to show that the district court's grant of summary judgment on their claim for back taxes for non-breakage transactions was error. Accordingly, the district court's award of summary judgment is **AFFIRMED**.

### C. The Localities' Claim for Unspecified Equitable Relief

In the absence of any legal remedy, the Localities challenge the district court's grant of summary judgment on the basis that retrospective equitable relief should have been fashioned to provide a remedy for owed back taxes.

12

However, the Localities' request for retrospective equitable relief lacks the necessary support. The Localities do not argue for a particular equitable mechanism to recover back taxes, but instead rest their claim on vague references to the necessity of equity to provide a remedy where legal relief fails. Upon our own inspection, we similarly fail to uncover any equitable mechanism that provides the requested relief. Injunctions, by their nature, are limited to preventing, prohibiting, or protecting against future wrongs. See Catrett, 253 Ga. App. at 644. And while a constructive trust may prove effective to recover any taxes that the OTCs actually collected,[6] it would not provide a mechanism to recover taxes that were not collected. Here, a constructive trust is unavailing because the Localities did not provide evidence that the OTCs actually collected taxes that they failed to remit. Moreover, the district court did fashion injunctive relief and the Localities have not put forth anything suggesting that the district court was required to provide a retrospective equitable remedy. Indeed, Georgia courts have yet to recognize the specific relief sought by the Localities. Consequently, the district court's award of only prospective equitable relief is **AFFIRMED**.

---

[6] The Georgia Supreme Court held that "[t]he monies collected do not belong to the OTCs or the hotels, but are held in trust for the City." City of Atlanta, 289 Ga. at 326-27.

13

### D. The Localities' Request to Certify a Question to the Georgia Supreme Court

As discussed above, the Localities primarily argue that under clearly established Georgia law, they are entitled to either a legal remedy under the Enabling Statue or one of their state common law claims, or a retrospective equitable remedy fashioned by the Court. In the alternative, they argue that the Georgia Supreme Court has not yet decided whether retrospective legal or equitable relief for back taxes is available, and thus, we should certify the following question:

> Do the Supreme Court of Georgia's decisions in City of Columbus and City of Atlanta foreclose all other cities and counties from all legal and equitable remedies to recover back taxes from online travel companies that collected hotel occupancy taxes but failed to remit taxes based on the "retail price"?

The OTCs oppose this request. They contend that the Georgia Supreme Court opinions are clear about their "retroactivity" and that the localities are not entitled to collect back taxes as a matter of clearly established Georgia law.

We agree with the OTCs. This Court has stated that "[w]here there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary Erie 'guesses' and to offer the state court the opportunity to interpret or change existing law." Escareno v. Noltina Crucible & Refractory Corp., 139 F.3d 1456, 1460-61 (11th Cir. 1998).

14

Certification of state law questions, however, is a matter of discretion. Id. at 1461; see also Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974) ("We do not suggest that where there is doubt as to local law and where the certification procedure is available, resort to it is obligatory . . . . Its use in a given case rests in the sound discretion of the federal court."). In fact, this Court has often decided a question of state law where there is doubt as to how a state court would resolve the issue. See Smigiel v. Aetna Casualty & Surety Co., 785 F.2d 922, 925 (11th Cir. 1986) (stating that "[a]lthough we are Erie bound, we may exercise an option to make an educated guess as to how the [state] courts would resolve this issue"); see also Escareno, 139 F.3d at 1461. This Court's practice has been to resort to certification "with restraint" upon consideration of the following factors:

> The most important [factors] are the closeness of the question and the existence of sufficient sources of state law . . . to allow a principled rather than conjectural conclusion. But also to be considered is the degree to which considerations of comity are relevant . . . . And we must also take into account practical limitation of the certification process.

Escareno, 139 F.3d at 1461. Here, we decline the Localities' request to certify the submitted question to the Georgia Supreme Court. Although our precedent permits us to make Erie guesses where state law is unclear, no such guess is necessary here. The Georgia Supreme Court has twice answered the question posed by the Localities: the Enabling Statute does not contemplate or provide for an

15

enforcement action against third-party tax collectors such as the OTCs. See City of Columbus, 285 Ga. at 691; City of Atlanta, 289 Ga. at 328. Moreover, whether equitable relief is available for the Localities is irrelevant because they obtained prospective relief through their partial settlement agreement and they have not shown that they are entitled to any retrospective equitable relief on appeal. Judicial efficiency cautions against deferring judgment and asking the Georgia Supreme Court to answer a question it has twice answered before. Accordingly, the Localities' request to certify the provided question is **DENIED**.

### E.  The Localities' Claim For Breakage Damages

The final issue is whether the district court erred by excluding evidence relating to the Localities' computation of back tax damages in breakage transactions. The district court excluded the Localities' evidence of breakage damages based on their failure to provide a sufficient computation of their damages under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

Rule 37(c) of the Federal Rules of Civil Procedure provides for sanctions against a party that fails to disclose information required under Rule 26(a). Specifically, the rule states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

16

Fed. R. Civ. P. 37(c)(1). Disclosures required under Rule 26(a) include a "computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii).

Here, the district court's exclusion is supported by the record. The Localities' expert reports did not provide a computation of breakage damages. Thus, the district court did not abuse its discretion in concluding that the Localities failed to satisfy their disclosure obligations under Rule 26(a).

The Localities argue that their failure to provide a calculation of breakage damages was "substantially justified" because (1) they did not have certified data to calculate breakage damages, and (2) a final recalculation of damages would have been necessary since there was a pending dispute over how to properly calculate damages. Thus, they contend any computation would not be worthwhile.

We reject this attempt to shirk their responsibility under Rule 26(a) and unload their obligation to provide initial disclosures onto the party the rule is designed to protect for several reasons. First, they cite no authority allowing them, without leave, to avoid their disclosure obligations under Rule 26(a) on this basis. Second, the Localities had ample opportunity during the six years in which suit was pending to seek discovery on the amount of breakage damages and to develop and present a calculation to the court. Third, their argument is plainly defeated by the structure of Rule 26. If the OTCs' certification or the pending dispute altered

17

the required computation, the Localities could resort to Rule 26(e) and supplement their disclosures. While they believe that they are excused from providing any disclosure until it is verifiably final, the rule contemplates that in certain circumstances, the need will arise for the disclosing party to supplement their initial disclosures. This is one of those circumstances. Consequently, the district court did not abuse its discretion in concluding that the Localities were not substantially justified in failing to provide a computation of breakage damages.

The Localities also argue that its failure to provide a damage calculation was harmless because the OTCs had long known their methodology for calculating breakage damages. However, because we agree with the district court that reopening discovery at this stage in the proceedings would constitute significant harm, the district court did not abuse its broad discretion in concluding that the Localities' failure to provide a calculation of breakage damages was not harmless.

The Localities also request that we adopt a test to determine the extent of violation and propriety of sanctions and to remand to the district court with direction. However, we see no need to do so here. The district court's sanctions were appropriate under both the circumstances of this case and well-established standards for applying Rule 37. Accordingly, the district court's imposition of sanctions is **AFFIRMED**.

## IV.    CONCLUSION

We affirm the district court's award of summary judgment. Because the Localities failed to present evidence creating a genuine dispute of fact that OTCs actually collected, but failed to remit excess taxes, the district court did not err in granting OTCs' motion for summary judgment on the Localities' "actually collected" theory. The district court also did not err in concluding that Georgia law did not support an award of back taxes where OTCs collected occupancy taxes at the wholesale rate. Additionally, the district court did not err in fashioning purely prospective equitable relief, and we deny the Localities' request to certify a question to the Georgia Supreme Court. Finally, the district court did not abuse its discretion in excluding the Localities' evidence of breakage damages for their failure to comply with Rule 26(a).

**AFFIRMED**.