[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13699
_____

D.C. Docket No. 2:15-cv-00099-LGW-RSB


CHRISTINA BRINSON,
and all other persons similarly situated,

Plaintiff-Appellant,


versus


PROVIDENCE COMMUNITY CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 30, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, and BRANCH, Circuit Judges.

ED CARNES, Chief Judge:

Christina Brinson filed a class action lawsuit in the district court against Providence Community Corrections. She raised a state law claim for money had and received, which the district court dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The court later denied Brinson's motion to amend her complaint and reaffirmed its order dismissing the complaint. This is Brinson's appeal.

I.

We "review de novo the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1265 (11th Cir. 2012) (quotation marks omitted). "The plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Id. (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). We may affirm the district court's judgment on any ground supported by the record, even if the court did not rely on or consider that ground. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

The Georgia Supreme Court set out the elements of a money had and received claim in City of Atlanta v. Hotels.com, 710 S.E.2d 766 (Ga. 2011). To

state a claim for money had and received, "a party must show, in addition to showing that an entity has received money justly belonging to another, that it made a demand for payment and was refused." Id. at 770 (affirming grant of summary judgment to defendants because the plaintiff did not make a demand for payment). In her complaint Brinson alleged that Providence unlawfully and without valid contracts collected probation supervision fees. But she did not allege that she had made a demand for payment, or that such a demand was refused. As a result, her complaint failed to state a claim for money had and received. See id.

Brinson contends that City of Atlanta was implicitly overruled by Sentinel Offender SVCS., LLC v. Glover, 766 S.E.2d 456 (Ga. 2014). She argues that the Georgia Supreme Court in Glover "decide[d] not to include a requirement of a pre-suit demand" when it set out "[t]he elements of an action to recover money paid under a void contract." But that is not what Glover did. Instead, Glover addressed the issue of whether, as a general matter, probationers could bring an action for money had and received against a private probation company. See id. at 470–72. In concluding that probationers could bring such an action, the Georgia Supreme Court noted that "[a]n action for money had and received is founded upon the equitable principle that no one ought to unjustly enrich himself at the expense of another." Id. at 471 (quoting Jasper School Dist. v. Gormley, 193 S.E. 248, 250 (Ga. 1937)). The Georgia Supreme Court in Glover did not address the specific

3

elements of a money had and received claim, much less contradict its holding just three years earlier about what those elements are. Glover did not implicitly overrule City of Atlanta.

Brinson protests that the Georgia Supreme Court got it wrong in City of Atlanta and urges us to reexamine that holding. Impossible. As the United States Supreme Court has instructed us, "the views of the state's highest court with respect to state law are binding on the federal courts." Wainwright v. Goode, 464 U.S. 78, 84 (1983); accord, Riley v. Kennedy, 553 U.S. 406, 425 (2008) ("A State's highest court is unquestionably the ultimate expositor of state law.") (alteration and quotation marks omitted); Estelle v. McGuire, 502 U.S. 62, 67−68 (1991) ("[I]t is not the province of a federal [] court to reexamine state-court determinations on state-law questions.").

As a fallback, Brinson asks us to certify to the Georgia Supreme Court the question of what the elements are for a claim of money had and received. That, she says, would give it the chance to correct (with the helpful guidance of her counsel) what she views as its mistake in answering that identical question in City of Atlanta. We can only imagine how surprised the Georgia Supreme Court would be if we were presumptuous enough to do that. We aren't.

4

II.

"We review the denial of leave to amend for clear abuse of discretion." Carruthers v. BSA Advert., Inc., 357 F.3d 1213, 1217 (11th Cir. 2004).  Generally, a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But "a motion to amend may be denied on numerous grounds, such as . . . futility of the amendment."  Carruthers, 357 F.3d at 1218 (quotation marks omitted).

The district court did not clearly err in denying Brinson's motion to amend her complaint because doing so would have been futile.  As the district court noted the proposed amended complaint mostly repackaged the constitutional claims asserted in Brinson's initial complaint, which the district court had dismissed.  The only new legal theory raised in the amended complaint was that the contracts with Providence are void because of its failure to file the contracts with the County and Municipal Probation Advisory Council as required by Chapter 503-1 of the Rules and Regulations of the State of Georgia.  But the regulation does not say what Brinson asserts.  As the district court explained, the regulation lays out specific adverse consequences that can be imposed on violators and those consequences do not include voiding the underlying contract.  The court was correct to "refuse[] to read that requirement into the Regulation."  Because the proposed amendment was futile the district court did not abuse its discretion in denying the motion to amend.

5

III.

The dismissal of the complaint and denial of the motion to amend are AFFIRMED. The motion to certify questions of state law to the Georgia Supreme Court is DENIED.