## A02A1185. MASSEY v. SEAY et al.
(570 SE2d 346)

BLACKBURN, Chief Judge.

Christi Massey, plaintiff below, appeals the trial court's grant of summary judgment to Willis and Dian Seay, defendants below, contending that there are genuine issues of material fact in this slip and fall action. We affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Massey was injured on December 29, 1998, when she fell while recrossing a small footbridge on the Seays' property upon completion of her duty to feed the Seays' dogs while they were on vacation. Massey had fed the Seays' dogs for two to three years during spring and Christmas school break. She fell on the final day of caring for the dogs during the subject Christmas break. Massey had crossed the footbridge to feed the dogs and was returning over the bridge at the time of the fall. Massey was required to enter a large dog pen, cross the wooden, arched, footbridge without rails, feed the dogs, and then exit over the same path. Massey testified that it was misting on the day of the fall. She sustained a severe broken ankle as a result of the fall.

The trial court granted defendants' motion for summary judgment in the negligent tort action that followed. In its excellent order, the trial court noted the following additional facts: Massey had walked across the bridge more than twice before; she did not notice

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

any substance or defect that would have caused her fall; she did not see what caused her fall nor does she now know what caused her fall; there was no ice or standing water on the ground; and there was no ice on the bridge. The court further observed that although Massey said the bridge was " 'slimy' and overrun with moss, or 'things like that growing on the top,' " she is not sure that she saw moss on it. When asked if it was possible that it was " 'kind of slick because it had been misting,' " Massey replied, " 'I'm not sure.' " Massey stated that she got to the bridge, her right foot slipped, caught on something, and she fell. She was wearing "duck boots" with thick rubber soles. See order granting summary judgment to defendants.

Plaintiff's husband, John Massey, was with her when she fell. He testified that it was not raining or icy at the time of the fall and the ground was not wet. He also testified that he and his wife did not have trouble walking over the footbridge the first time that day. According to John Massey, he and his wife had walked over the footbridge at least five or six times previously without concern about the footbridge being dangerous. He also testified that his wife had traversed the footbridge for seven to ten days in a row before the fall.

Neither of the Masseys inspected the bridge after the fall to try to determine the cause of the fall. Mr. Massey did not note any moss or any substance that she slipped on upon the bridge. Mr. Massey did comment on the buildup of moisture from the air in the wood of the footbridge. He qualified the statement, however, by testifying that he saw "nothing that seemed out of the ordinary at all" that would have caused her to fall, either before or after the incident. He could not say for sure what caused his wife's fall.

This case is similar to *Anderson v. Reynolds*[2] in which we held that denial of a summary judgment motion was error. In *Anderson*, a neighbor entered the homeowners' property for the purpose of caring for their outdoor plants while the homeowners were on vacation. Although the neighbor had successfully handled the same task for two days, she slipped and fell on wet rocks where the water spigot and plants were located. We held that the neighbor failed to show that the homeowners' constructive knowledge of the potential hazard was superior to her knowledge.

In *Hardeman v. Spires*,[3] a rainy day case, we upheld the trial court's granting of summary judgment to Spires when Hardeman fell on the slippery tile flooring of Spires' porch while making a pizza delivery to the home. We found that Hardeman had equal knowledge of the hazard because she had previously crossed the area where she fell.

---

[2] *Anderson v. Reynolds*, 232 Ga. App. 868 (502 SE2d 782) (1998).
[3] *Hardeman v. Spires*, 228 Ga. App. 723, 724 (2) (492 SE2d 532) (1997).

Three elements are needed to prove liability based on negligence: (1) the defendant had a legal duty to protect the plaintiff from a foreseeable risk of the alleged harm; (2) the defendant's act or omission breached this duty; and (3) there exists a causal connection between the defendant's conduct and the alleged injury sufficient to show that the conduct proximately caused the injury. See *Fitzgerald v. Storer Cable Communications.*[4]

As the trial court stated in the present case:

> Summary judgment is appropriate when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Defendants are entitled to summary judgment in this case. It would be highly speculative to find that the Defendants committed any negligent act in this case, or that the condition of the bridge at the time of the accident proximately caused the injury of which Plaintiff complains. Such guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. *Brumbelow v. City of Rome.*[5] Plaintiff has not established that a hazard existed in this case, nor that Defendants committed any act of negligence.

Trial Court Order, October 1, 2001, granting summary judgment.

Massey was familiar with the bridge, had at least equal knowledge to that of the Seays of any potential hazard, and had successfully traversed the same area numerous times including immediately before she fell. Accordingly, Massey failed to carry her burden of proof that the Seays had breached any duty to her, that any hazardous condition existed, or that the Seays had superior knowledge of any such hazard. Under the circumstances, there was no genuine issue of material fact concerning the Seays' liability, and the trial court did not err in granting summary judgment to the Seays.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[4] *Fitzgerald v. Storer Cable Communications*, 213 Ga. App. 872, 873 (446 SE2d 755) (1994).

[5] *Brumbelow v. City of Rome*, 215 Ga. App. 321 (450 SE2d 345) (1994).

Decided August 9, 2002 —
Reconsideration denied August 22, 2002 — 

*John G. Barksdale III*, for appellant.
*Shivers & Associates, Christopher M..Howlette*, for appellees.