A03A0028. PYE v. REAGIN.
(586 SE2d 5)

MILLER, Judge.

Pearl Mallard Pye sued Dr. Ronald Reagin for personal injuries she sustained when she tripped and fell on a tree root at the bottom of an access ramp leading to the parking lot of Reagin's office. Reagin moved for summary judgment on the grounds that Pye failed to show that Reagin had any prior knowledge of the defect, and that Pye had equal knowledge of the defect. The trial court granted Reagin's motion, and Pye appeals.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). When reviewing the grant of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City,* 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

---

[5] (Emphasis supplied.)
[6] See OCGA § 49-4-146.1 (c).
[7] See id.
[8] See OCGA § 17-10-8.

Viewed in the light most favorable to Pye, the evidence revealed that while accompanying two friends to Reagin's office, 82-year-old Pye tripped and fell on a protruding tree root at the bottom of a ramp outside of Reagin's office, breaking her hip. The old tree had several roots protruding from the ground, and the parking lot was not paved. Pye deposed that they had parked in front of the ramp and that she was wearing flat shoes. She further stated that she had previously visited Reagin's office and had taken the same ramp to enter and exit the building, and that on at least one of those previous occasions she had parked in the same area.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. As the Supreme Court of Georgia has held, "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

> With respect to the first element, a defendant moving for summary judgment discharges its burden by pointing out by reference to the record that there is an absence of evidence to support the plaintiff's case. The plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known. Moreover, premises liability cases are not susceptible to summary adjudication except where the evidence is plain, palpable, and undisputed.

(Citations and punctuation omitted.) *Taylor v. Golden Corral Corp.*, 255 Ga. App. 860, 861 (567 SE2d 109) (2002).

Here, Pye was familiar with the path between the parking lot and Reagin's office via the access ramp, in that she had successfully traversed the same area on several prior occasions. "A claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it

and cannot recover for a subsequent injury resulting therefrom." (Citations and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998). Thus, as Pye had knowledge of the condition created by the protruding roots at least equal to that of Reagin, she has failed to establish that Reagin had superior knowledge of the hazard. See *Delk v. QuikTrip Corp.*, 258 Ga. App. 140, 142 (572 SE2d 676) (2002); *Massey v. Seay*, 257 Ga. App. 131, 133 (570 SE2d 346) (2002). The trial court did not err in granting Reagin's motion for summary judgment.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 25, 2003 —
RECONSIDERATION DENIED JULY 25, 2003.

*J. Alvin Leaphart*, for appellant.
*Barrow & Sims, R. Stephen Sims*, for appellee.