**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 12, 2012**

# In the Court of Appeals of Georgia

A12A0756. PERKINS et al. v. KRANZ.

MIKELL, Presiding Judge.

While walking in a Gwinnett County subdivision, Thomas Kranz's eardrum was punctured by a branch from a tree overhanging the sidewalk. Kranz sued Jerry Perkins and Nyda Perkins, on whose property the tree was located, claiming negligence. The trial court denied the Perkinses' motion for summary judgment without explanation. They sought and were granted interlocutory review, and on appeal, they assign error to the trial court's denial of their motion for summary judgment. For the reasons that follow, we agree and reverse.

This court conducts a de novo review of the grant or denial of a motion for summary judgment. To prevail, the moving party must show that no genuine issue of material fact exists and that the undisputed facts and all inferences and conclusions

drawn from them, when viewed in the light most favorable to Kranz as the nonmoving party, warrant judgment as a matter of law.[1]

So viewed, the record reflects that on April 3, 2009, Kranz was pushing his toddler grandson in a stroller as he walked through the subdivision where his daughter lives. Kranz noticed the Perkinses' tree, with its limbs extending over the sidewalk. The day was sunny and clear, and there was nothing to obstruct Kranz's view of the tree. He saw the branches obstructing his path, and in order to avoid them, moved off of the sidewalk and began walking on a strip of grass running between the sidewalk and the subdivision roadway. As he passed the tree, he felt a sharp pain, and eventually realized that a twig had entered his ear and pierced his eardrum. He later had surgery to repair the eardrum.

1. The Perkinses assign error to the trial court's denial of their motion for summary judgment, arguing that at best, Kranz was a licensee, and their only duty was to avoid wilfully or wantonly harming him.

> The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages. Thus, the threshold

---

[1] *Petrosky v. Embry Crossing Condo. Assn.*, 284 Ga. App. 354 (1) (643 SE2d 855) (2007); OCGA § 9-11-56 (c).

issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff. This issue is a question of law.[2]

While the Perkinses argue that Kranz was, at best, a licensee, Kranz first argues that he was an anticipated licensee, and compares the duty of care under such a status to the duty owed an invitee in that "it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a dangerous act being done or a hidden peril on one's premises."[3]

Pretermitting any decision on Kranz's potential status as a licensee, anticipated licensee, or invitee, he may not recover as a matter of law because the evidence establishes that he had equal knowledge with the Perkinses of the potential danger posed by the tree.

2. If considered to be a licensee, Kranz could not recover because the owner of the premises is only liable to a licensee for wilful or wanton injury.[4] There is no

---

[2] (Punctuation and footnotes omitted.) *Boller v. Robert W. Woodruff Arts Center*, 311 Ga. App. 693, 695-696 (1) (716 SE2d 713) (2011).

[3] (Citations and punctuation omitted.) *Williams v. Truett*, 251 Ga. App. 46, 47 (553 SE2d 350) (2001).

[4] OCGA § 51-3-2 (b).

3

allegation, nor does the record support, any evidence of wilfulness. We have found that wanton conduct, in this context, is conduct that is "so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent to do harm or inflict injury."[5] An owner, however, "has no duty to a licensee to keep the premises up to any standard of safety, except that [the property] must not contain pitfalls, mantraps, and things of that type."[6] In the case sub judice, it is clear that the tree and its overhanging branches were visible to Kranz and were in no way a pitfall, mantrap, or hidden peril.

In an analogous situation, we affirmed the trial court's grant of summary judgment in favor of a homeowner where the plaintiff fell from a high deck with no railing around it.[7] We found that the plaintiff's knowledge of the hazard was equal to the property owner's, as the plaintiff had time to observe the lack of railing and acknowledged that she could have turned around and looked to see where she was

---

[5] (Citation and punctuation omitted.) *Trulove v. Jones*, 271 Ga. App. 681-682 (1) (610 SE2d 649) (2005).

[6] (Citation and punctuation omitted.) Id. at 682 (1).

[7] Id.

stepping.[8] Similarly, Kranz deposed that he saw the tree branches overhanging the sidewalk in time to avoid them, altered his route in order to avoid them, and was not prevented from either turning around or crossing to the other side of the street to avoid the branches, although he did not do so. Kranz further told an accident investigator that the tree was "easy to go around." "Where a licensee has *equal knowledge* of the dangerous condition or the risks involved, there is no wilful or wanton action on the part of the owner and there is no liability to the licensee."[9]

3. Kranz argues that he is an anticipated licensee, and, accordingly, the Perkinses owed him a duty of ordinary care, not just a duty to refrain from wilful or wanton conduct. However, "[a]lthough a landowner owes a duty to use ordinary care to protect anticipated licensees from dangerous activities being conducted on the premises or from hidden perils, where the alleged negligence arises from a dangerous

---

[8] Id. at 681.

[9] (Citation and punctuation omitted; emphasis in original.) Id. at 682 (1). Kranz, in his appellee's brief, argues that a genuine issue of material fact exists as to whether the Perkinses are liable under a theory of negligence per se. We have held that "negligence per se is not liability per se," therefore, even if the Perkinses could be shown to be negligent per se, Kranz would be precluded from recovering because, as discussed in Division 1, he had equal knowledge of the potential danger presented by the tree. (Punctuation and footnote omitted) *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484, 486 (3) (541 SE2d 109) (2000).

static condition on the premises, the duty remains not to injure the licensee wilfully or wantonly."[10]

Kranz argues that the tree is not a static defect because it "grows over time and eventually dies and rots away, constantly changing form." Kranz asserts that the Perkinses had superior knowledge of the tree, because Jerry Perkins testified that he regularly used that area of sidewalk, while Kranz, by contrast, was an infrequent visitor. Even if Kranz had encountered the tree before, in a prior season, a static defect exception still may exist so long as the injured person had sufficient opportunity to observe the defect at the time of the injury in question, even absent encountering the alleged defect on prior dates.[11] In a transcribed interview with an accident investigator that is part of the record before us, Kranz testified that he was five to ten feet from the tree when he noticed overhanging branches and decided to alter his course. It defies logic and belief that this or any tree either grew or decayed

---

[10] (Citations omitted.) *Rice v. Elliott*, 256 Ga. App. 87 (567 SE2d 721) (2002).

[11] See *Trulove*, supra (plaintiff who had been on pool deck for an hour had equal knowledge with property owner of static defect that deck lacked railing).

in any perceptible form during the time it took Kranz to walk the five to ten feet to where his injury occurred.[12]

4. Even if Kranz were an invitee, he still may not recover.[13] The duty owed to any invitee is to "discover and either keep the premises safe from or warn of *hidden dangers or defects not observable to such invitees in the exercise of ordinary care.* However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care,"[14] and for this reason, the trial court erred in denying the Perkinses' motion for summary judgment.[15] It is undisputed that Kranz saw the tree overhanging the sidewalk and altered his route in an attempt

---

[12] See *Pye v. Reagin*, 262 Ga. App. 490, 491 (1) (586 SE2d 5) (2003) (tree roots on which invitee tripped are considered a static defect). Kranz also argues that a tree "may blow in the wind, extending or contracting its reach as it moves." However, as he presents no evidence or testimony indicating that wind was moving the tree branches at the time of his injury, we need not address this point further.

[13] The Perkinses contest Kranz's argument that he was an invitee not just of his own daughter, but also of "the neighborhood," as he was visiting the subdivision where she lives.

[14] (Citations omitted; emphasis supplied.) *Barnes v. Morganton Baptist Assn.*, 306 Ga. App. 755, 757 (1) (703 SE2d 359) (2010).

[15] See *Weston v. Dun Transp. & Stringer, Inc.*, 304 Ga. App. 84, 88 (1) (695 SE2d 279) (2010) (while issue of whether plaintiff exercised due diligence for his own safety is ordinarily reserved for the jury, it may be summarily adjudicated if plaintiff's knowledge of the risk is clear and palpable).

to avoid contact with its branches. The danger presented by the tree was open and obvious. Kranz plainly was aware that overhanging branches may result in injury.

Finding no genuine issues of material fact, and that the Perkinses are entitled to judgment as a matter of law, we reverse.

*Judgment reversed. Miller and Blackwell, JJ., concur.*