S13A0780. TRIP NETWORK, INC. et al. v. DEMPSEY et al.

(748 SE2d 432)

MELTON, Justice.

Trip Network, Inc. d/b/a Cheaptickets, and various other online travel companies (hereinafter collectively the "OTCs") appeal from the Superior Court of Fulton County's dismissal of their petition for a writ of mandamus. As explained more fully below, because there was no basis for a writ of mandamus to be issued under the facts of this case, the trial court properly dismissed the OTCs' petition. Accordingly, we affirm.

In order to place this appeal in the proper context, some background information about the underlying lawsuit between the parties and the current procedural posture of the case is necessary:

The OTCs are defendants in a civil action that was filed by the City of Atlanta in 2006. The City sought to recover hotel-occupancy taxes from the OTCs under multiple legal and equitable theories, but the case was dismissed when the trial court ruled that the City was required to exhaust certain administrative remedies. The City appealed that decision, and this Court reversed the trial court's ruling. See *City of Atlanta v. Hotels.com, L.P.*, 285 Ga. 231 (674 SE2d 898) (2009) ("*City of Atlanta I*"). Atlanta then sued the OTCs in Fulton County Superior Court seeking, among other things, back taxes and a permanent injunction to require the OTCs to collect hotel-occupancy taxes from hotel guests. In response to cross-motions for summary

judgment, Judge Dempsey ordered a permanent injunction for the City and granted summary judgment to the OTCs on the back taxes issue and various other issues. This Court affirmed Judge Dempsey's ruling on appeal. See *City of Atlanta v. Hotels.com, L.P.*, 289 Ga. 323 (710 SE2d 766) (2011) (*"City of Atlanta II"*). As part of the ruling, however, this Court held in a footnote that the trial court had not ruled on the City's claim for conversion, stating that "[a]lthough the City mentions a common law claim for conversion in its briefs, any such claim was not ruled upon by the trial court and cannot be considered on appeal." (Citation omitted.) Id. at 328 (4), n. 5. This statement was a holding — the reason why the City's conversion claim was not considered on its merits — and whether right or wrong, that holding became the law of this case.

Following the issuance of the remittitur, Judge Dempsey ordered the parties to brief the court on whether any claims remained pending and how any such claims should be concluded. The City then amended its complaint to add a cause of action for breach of trust. At a December 16, 2011 hearing, Judge Dempsey found that, in light of this Court's footnote in *City of Atlanta II*, supra, holding that the trial court had not ruled on the City's conversion claim, the City's case remained pending in the trial court. Specifically, Judge Dempsey concluded that the trial court had "never ruled on the conversion claim," and further stated that, "whether we intended to or not, the Supreme Court said we didn't rule on it, so we didn't rule on it." The OTCs claimed that the case was completely closed after this Court's ruling in *City of Atlanta II*, supra, and sought a certificate of immediate review to challenge Judge Dempsey's decision to allow the case to remain open. After the denial of their motion for a certificate of immediate review, the OTCs then filed an original petition for mandamus in this Court, which was dismissed. Thereafter, on September 21, 2012, the OTCs filed the petition for a writ of mandamus and prohibition in the trial court. The City intervened in the action, and, after briefing and argument before Judge Baxter in the Fulton County Superior Court, the petition was dismissed. The OTCs now appeal from that dismissal.

As an initial matter, as shown from the above facts, the OTCs are incorrect in their assertion that Judge Dempsey had no other choice but to close this case following our decision in *City of Atlanta II*. To the contrary, as we held in *City of Atlanta II*, supra, the City's conversion claim had "not [been] ruled upon by the trial court," and, as a result, could not "be considered on appeal," which Judge Dempsey correctly interpreted to mean that the case remained open to the extent that the conversion issue had not been addressed below. See OCGA §

9-11-54 (b) ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties."). As such, the OTCs are also incorrect that they were authorized to invoke mandamus in an effort to force the trial court to "close" this case after our decision in *City of Atlanta II*, as the trial court properly concluded that the case remained open following that decision.

Indeed, "[m]andamus is an extraordinary remedy which is available only if the petitioner can show a clear legal right to the relief sought or a gross abuse of discretion." (Citations omitted.) *Sotter v. Stephens*, 291 Ga. 79, 80 (727 SE2d 484) (2012). See also *Jackson County v. Earth Resources, Inc.*, 280 Ga. 389, 390 (627 SE2d 569) (2006) ("Mandamus will issue against a public officer under two circumstances: (1) where there is a clear legal right to the relief sought, and (2) where there has been a gross abuse of discretion." (citations and punctuation omitted)). Here, the OTCs had no clear legal right to force the trial court to close a case that this Court concluded had an undecided claim in *City of Atlanta II*. Nor did the trial court engage in any gross abuse of discretion by interpreting the plain holding in footnote 5 of *City of Atlanta II* to reach the only logical conclusion that could be drawn from that holding — that this case remained open following the issuance of the remittitur. See *Uzomba v. Cobb County Magistrate Court*, 279 Ga. 629 (1) (619 SE2d 683) (2005). In short, mandamus was not an appropriate remedy for the OTCs to pursue here, and the trial court properly dismissed their petition. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Rogers & Hardin, Brett A. Rogers, James W. Cobb, Richard H. Sinkfield, Michael L. Eber*, for appellants.

*Pope, McGlamry, Kilpatrick, Morrison & Norwood, Neal K. Pope, Michael L. McGlamry, William U. Norwood III, Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Stefan E. Ritter, Senior Assistant Attorney General, Kevin D. Bradberry, Assistant Attorney General*, for appellees.