**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A2411. SCROCCA v. ASHWOOD CONDOMINIUM ASSOCIATION, INC. et al.

MCFADDEN, Judge.

Nancy Scrocca, the plaintiff in this premises liability case, appeals the grant of summary judgment to Ashwood Condominium Association, Inc. and its management company, Atlanta Community Services, Inc. Scrocca argues that the trial court erred by failing to find that the defendants had a contractual duty to remove ice and snow from the limited common elements of the condominium complex where she was injured. We find that the trial court correctly concluded that under the condominium documents, Scrocca, not the defendants, had the duty to remove the ice and snow from the walkway on which she fell. We therefore affirm the grant of summary

judgment to the defendants. We do not reach Scrocca's other claims of error based on various tort theories.

1. *Facts*.

Summary judgment is properly granted when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party." *Southern Telecom v. TW Telecom Inc. of Georgia*, 321 Ga. App. 110, 111 (1) (741 SE2d 234) (2013) (citation and punctuation omitted).

So viewed, the record shows that on January 9, 2011, the Atlanta area experienced a snowstorm. Several inches of snow fell. As a result of the storm, Scrocca, the owner of a unit in the Ashwood Condominiums, stayed in her condominium for several days. On January 13, Scrocca exited her condominium, intending to go to the grocery store. One part of the stoop at the entrance to her condominium appeared to her to have ice and snow on it, while the remainder appeared to be clear. Scrocca looked toward the walkway that led from her condominium to the parking lot; it appeared that the snow had melted along the

2

lefthand side of the walkway. Scrocca walked along what she thought was the clear pathway and fell a short distance from her stoop, fracturing her wrist. Scrocca had not contacted the condominium association nor the management company to clear the snow and ice from the walkway.

Scrocca filed this action against the association and its management company, and the trial court granted the defendants summary judgment.

2. *Under the condominium documents the duty to remove ice and snow was Scrocca's.*

We must look to the declaration of condominium to determine whether Scrocca or the association had the responsibility to clear the walkway of snow and ice because

> [a] condominium association's obligations and responsibilities toward the condominium property are dependent upon those allocated to it by the [Georgia Condominium Act, OCGA § 44-3-70 et seq.] and those stated in the condominium instruments, i.e., the declaration and bylaws, as decided by a majority of unit owners/association members. . . . A condominium association's duty to its members . . . pursuant to OCGA § 51-3-1 [(duty of owner or occupier of land to invitee)]with regard to the common elements of a condominium property may be circumscribed by the terms of the condominium instruments/contract, and we must look to the terms of the contract, as well as the Act, in order to determine an association's duties.

3

*Bradford Square Condo. Assn. v. Miller*, 258 Ga. App. 240, 244-246 (573 SE2d 405) (2002). The Amended and Restated Declaration of Condominium for Ashwood Condominium sets forth the parties' duties. Section 10, entitled Maintenance Responsibility, provides in pertinent part as follows:

> A. *By the Owner.* Each Owner shall have the obligation to maintain and keep in good repair all portions of his or her Unit and all Limited Common Elements assigned to the Owner's Unit, except any portion of the Limited Common Elements or Unit which is expressly made the maintenance obligation of the Association as set forth in subparagraph (B) below.

* * *

> In addition, each Unit Owner shall have the responsibility:

> (1) To keep in a neat, clean and sanitary condition any Limited Common Elements serving his or her Unit.

* * *

> B. *By the Association.* The Association, as a Common Expense, shall maintain, keep in good repair, replace and in the Board's discretion, improve or alter the "Area of Common Responsibility," which includes the following:

4

(i) All general Common Elements, except those portions that are identified as Owner responsibility under subparagraph (A) above; and

(ii) The following portions of the Units or Limited Common Elements: (e) concrete porches, steps, stoops, and walkways in front of the Units, and handrails or railing serving those items in the front of the Unit. . . .

So the walkway on which Scrocca fell was a Limited Commen Element. Therefore Scrocca had the duty to "keep [the walkway] in a neat, clean and sanitary condition," while the association had the duty to "maintain, keep in good repair, replace and . . . improve or alter" the walkway. We must construe the declaration of condominium to determine which party's duty encompassed the responsibility to remove snow and ice.

As we have recently reiterated,

contract construction proceeds in a series of steps, moving from one to the next only if necessary. The construction of contracts involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of

5

what the ambiguous language means and what the parties intended must be resolved by a jury. Because the first two of these steps involve questions of law, the trial court's application of them is reviewed de novo on appeal.

*Estate of Pitts v. City of Atlanta*, 323 Ga. App. 70, 74 (4) (746 SE2d 698) (2013) (citation and punctuation omitted). We conclude that the contract is ambiguous in some respect; the contract fails to specifically delegate responsibilities arising from the presence of ice or snow. In other words, neither provision regarding duties relating to the walkway unambiguously includes snow and ice. Thus we must apply the rules and canons of contract construction. See OCGA § 13-2-2.

When courts construe contracts, the primary purpose is ascertaining the parties' intent:

courts should ascertain the parties' intent after considering the whole agreement and interpret each of the provisions so as to harmonize with the others. That is, in construing contracts, it is important to look to the substantial purpose which must be supposed to have influenced the minds of the parties, rather than at the details of making such purpose effectual.

*Freeman v. Smith*, 324 Ga. App. 426, 435 (2) (750 SE2d 739) (2013) (citation omitted). See also OCGA § 13-2-3 ("The cardinal rule of construction is to ascertain

6

the intention of the parties."). One canon of contract construction is that "[w]ords generally bear their usual and common signification." OCGA § 13-2-2 (2) Another canon of construction is that "words are given meaning by their context." *Estate of Pitts*, 323 Ga. App. at 82 (4) (b) (ii) (citation omitted).

With these principles in mind, we conclude that under the contract, Scrocca had the duty to remove snow and ice from the walkway. Both unit owners and the association had maintenance duties under the amended declaration of condominium. This is evident because both the unit owners' duties and the association's duties are listed under the section entitled "Maintenance Responsibility." And although the unit owners' responsibility related to the walkway is described as "to keep," while the association's responsibility related to the walkway is described as "to maintain," those words are synonymous. The question, then, is what duties fall under Scrocca's maintenance responsibility and what duties fall under the association's maintenance responsibility.

The amended declaration of condominium describes Scrocca's maintenance responsibility related to the walkway as "to keep the walkway in a neat, clean and sanitary condition." The American Heritage Dictionary defines "neat" as "orderly and clean; tidy"; "clean" as "free from foreign matter or pollution"; and "sanitary" as "free

7

from elements, such as filth or pathogens, that endanger health." The American Heritage Dictionary of the English Language, Fifth Edition (retrieved from ahdictionary.com). These words, in the context of defining the parties' maintenance responsibility, indicate that Scrocca's responsibility includes removing extraneous foreign matter from the walkway. Snow and ice are such extraneous foreign matter. See *Bolt v. United States*, 509 F3d 1028, 1031 (III) (9th Cir. 2007) (landlord's statutory duty to "keep all common areas of the premises in a clean and safe condition" includes an obligation to remove snow and ice).

The amended declaration of condominium describes the association's maintenance responsibility related to the walkway as "[to] maintain, keep in good repair, replace and . . . improve or alter." The American Heritage Dictionary defines "repair" as "to restore to sound condition after damage or injury; fix"; "replace" as "to put back into a former position or place"; "improve" as "to raise to a more desirable or more excellent quality or condition; make better"; and "alter" as "to change or make different; modify." The American Heritage Dictionary of the English Language, Fifth Edition (retrieved from ahdictionary.com). These words, in the context of defining the parties' maintenance responsibility, indicate that the association's responsibility is to keep the walkway structurally sound. Put another

8

way, the association's responsibility is to make permanent changes while Scrocca's responsibility is to remove transient foreign matter.

"It is axiomatic that an action for negligence cannot be maintained if the defendant did not owe the plaintiff a legal duty." *Anderson v. Atlanta Comm. for the Olympic Games*, 273 Ga. 113, 118 (5) (537 SE2d 345) (2000) (citation omitted). Because the association did not have a duty to remove snow and ice from the walkway, we affirm the grant of summary judgment to the defendants without addressing Scrocca's remaining arguments.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*