**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 30, 2020**

# In the Court of Appeals of Georgia

A20A1228. RSFPITTSGA, LLC v. SCHIESS.

McFADDEN, Chief Judge.

RSFPITTSGA, LLC, the owner of a restaurant ("the Owner"), appeals from the denial of its motion for summary judgment in this premises liability case. The plaintiff, Joan Marie Schiess, was injured after tripping over a root in an unpaved area near the restaurant parking lot. The Owner argues that the trial court erred in this ruling because Schiess cannot demonstrate that the Owner had superior knowledge of the hazard. But there exist genuine issues of material fact that preclude summary judgment, so we affirm.

1. *Facts*.

Summary judgment is appropriate when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law[.]" OCGA § 9-11-56 (c). "On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party." *Scrocca v. Ashwood Condo. Assn.*, 326 Ga. App. 226 (1) (756 SE2d 308) (2014) (citation and punctuation omitted).

So viewed, the record shows that Schiess worked at a medical imaging center a five-minute walk from the restaurant. Over the course of a year and a half, Schiess would walk to the restaurant for lunch "once every few weeks." Her route took her across a "flat-ish" dirt area that she and other pedestrians crossed to round the corner from the sidewalk and access the restaurant's parking lot, bypassing its driveway entrance.

On July 4, 2016, as she was walking to the restaurant, Schiess tripped on a partially-exposed, protruding root in this dirt area. She fell, injuring two bones in her leg. At the time of Schiess's fall, the root was sticking approximately two inches out of the ground and was attached to the ground on only one end. The root had not been in this condition four days earlier, when a landscaping crew employed by the Owner worked in and inspected that area for tripping hazards.

Based on her injury, Schiess sued the Owner for damages under a premises liability theory. The Owner moved for summary judgment, arguing that the evidence is undisputed that Schiess had traversed the area several times before, and arguing that Schiess cannot show the Owner had superior knowledge of the tree root, which the Owner asserted was an unhidden, naturally-occurring object. The trial court denied the motion for summary judgment and certified that order for immediate review. We granted interlocutory appellate review of the order.

2. *Genuine issues of material fact preclude summary judgment.*

An invitee such as Schiess, who seeks to recover for injuries sustained in a trip-and-fall action, must prove

> (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. . . . The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom.

*Cottingham v. Sapp*, 344 Ga. App. 651, 652 (1) (811 SE2d 442) (2018) (citations and punctuation omitted). It is well established in Georgia that summary judgment is appropriate in a premises liability case "only where the evidence is plain, palpable,

3

and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997).

The Owner argues on appeal that it is entitled to summary judgment for three reasons: because Schiess previously had traversed the dirt area, giving her knowledge of the hazard; because the Owner lacked actual or constructive notice of the hazard; and because the protruding root was a naturally-occurring object. None of these arguments support reversal because, as to each of them, genuine issues of material fact preclude summary judgment.

(a) *Schiess's knowledge of the hazard.*

The Owner argues that it was entitled to summary judgment based on the rule that a plaintiff who had previously traversed a static defect is presumed to have knowledge of that defect. See *Pye v. Reagin*, 262 Ga. App. 490, 491-492 (586 SE2d 5) (2003). But for that rule to apply, the plaintiff must have "successfully negotiated [the] allegedly *dangerous condition* on a previous occasion[.]" Id. at 491 (citation and punctuation omitted; emphasis supplied). Accord *Ridley v. Dolgencorp*, 353 Ga. App. 561, 563 (839 SE2d 26) (2020). The evidence in this case supports a finding that the root's condition only became dangerous at some point during the four days preceding Schiess's fall. In other words, the jury could find that the reason the landscape crew

4

did not see the root four days earlier was because at that point it was not broken and sticking up out of the ground. And there is no evidence compelling a finding that Schiess traversed that area between the date the landscaping crew saw no root and the date on which Schiess tripped. So there is at least a genuine issue of fact as to whether Schiess had ever successfully negotiated that particular dangerous condition.

Under these circumstances, the mere fact that Schiess previously had walked near the root does not preclude her recovery. See *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348, 350 (2) (349 SE2d 241) (1986) (permitting a premises liability case to survive summary judgment even though the plaintiff previously had been in the area of the allegedly defective condition — bumpers near a shopping cart corral — because of the "changeable nature of the bumpers as regards their actual physical location, their potential for becoming a dangerous obstacle to pedestrians, and their visual observability"). The premises liability cases involving roots that the Owner cites in support of this argument do not hold otherwise, as those cases do not involve evidence that the nature of the hazardous condition had changed in the time since the plaintiff last had traversed it. See *Nemeth v. RREEF America*, 283 Ga. App. 795, 796-797 (1) (643 SE2d 283) (2007) (plaintiff fell on uneven pavers, caused by tree roots, on patio that plaintiff went to several times a week); *Pye*, 262 Ga. App. at

5

491 (plaintiff tripped on one of several exposed roots in area of unpaved parking lot where she had been before). Our decision in *Perkins v. Kranz*, 316 Ga. App. 171, 174 (3) (728 SE2d 804) (2012), which the Owner cites, also is inapposite; in that decision, which involved a plaintiff injured by a tree branch, we noted that the condition of the tree's branches could not have meaningfully changed in the few minutes that elapsed between the plaintiff's observation of the branches and his injury. Id. at 174 (3).

(b) *The Owner's knowledge of the hazard.*

Schiess has pointed to no evidence in the record that the Owner possessed actual knowledge, but there exists a genuine issue of material fact regarding the Owner's constructive knowledge that precludes summary judgment.

A premises owner or occupier's

> [c]onstructive knowledge may be shown by demonstrating that (1) an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition prior to the fall, or (2) the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.

*Benefield v. Tominich*, 308 Ga. App. 605, 608 (1) (708 SE2d 563) (2011). And "to withstand a motion for summary judgment, the plaintiff need not show how long the

hazard had been present unless the owner has first demonstrated its inspection procedures." Id. at 609 (1) (citation and punctuation omitted). "[T]he owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." Id. (citation and punctuation omitted). Accord *Davis v. Bruno's Supermarkets*, 263 Ga. App. 147, 148 (1) (587 SE2d 279) (2003). Stated another way, "[a] property owner's constructive knowledge may be inferred where there is evidence that the owner lacked a reasonable inspection procedure." *Garcia v. KRC Alderwood Trails*, 348 Ga. App. 84, 89 (819 SE2d 713) (2018) (citations and punctuation omitted).

Here, the evidence could allow a jury to find that the Owner lacked a reasonable procedure to inspect the dirt area for hazards. That evidence, viewed most favorably to Schiess, showed that the Owner did not discuss any particular safety policies with the company that it had hired to provide weekly landscaping services,[1] and that the Owner had no policy or procedure for employees to follow in looking for hazards outside the restaurant building itself. So, contrary to the Owner's argument on appeal, Schiess was not required to point to evidence showing how long the root

---

[1] Because it is not necessary to the resolution of this appeal, we take no position on Schiess's argument that the owner or occupier of a premises cannot delegate its inspection procedure to a third party.

had existed in its hazardous condition to avoid summary judgment. See *Benefield*, 308 Ga. App. at 608 (1).

The fact that the root may have existed in that hazardous condition for only four days, as discussed above, does not entitle the Owner to summary judgment. Rather, it goes to the issue of reasonableness of any inspection procedures carried out by the Owner. See *Gibson v. Halpern Enterprises*, 288 Ga. App. 790, 792-793 (655 SE2d 624) (2007) (holding that the "specific facts and circumstances of a case determine the reasonability of an inspection procedure" and finding that the reasonableness of a weekly inspection of a parking area was a jury question); *Kmart Corp. v. Jackson*, 239 Ga. App. 176, 178 (521 SE2d 93) (1999) (holding that evidence that employees did not have specific inspection procedures to follow created jury question as to reasonableness of store's inspection policy).

For these reasons, the evidence regarding the Owner's knowledge of the hazard is not "plain, palpable, and undisputed[,]" and the Owner is not entitled to summary judgment on this basis. *Robinson*, 268 Ga. at 748 (2) (b).

(c) *Naturally-occurring object.*

The Owner argues that it is entitled to summary judgment because the root was a naturally-occurring object that it had "no duty to discover and remove." But this

court's decisions do not recognize such a bright-line rule. Instead, "[w]e have specifically applied the requirement of reasonable inspection procedures to cases involving naturally-occurring conditions[.]" *Petrosky v. Embry Crossing Condo. Assn.*, 284 Ga. App. 354, 356 (1) (a) (643 SE2d 855) (2007). The fact that an allegedly hazardous condition was naturally-occurring

> does not negate an owner's duty to exercise ordinary care in inspecting the premises in every circumstance. [The development of a hazardous condition] due to inevitable natural forces unaffected by human agency does not preclude examination into the question of whether or not the defendant was negligent in failing to take remedial action. Absent evidence that the [Owner] reasonably inspected [its premises] for defects and that the [protruding root] was a new defect of which the [O]wner had no notice or sufficient time to correct, we cannot say as a matter of law that it complied with its duty to business invitees to keep the premises safe.

Id. (citations omitted). See *Fowler Props. v. Dowland*, 282 Ga. 76, 81 (5) (646 SE2d 197) (2007) (in cases involving naturally-occurring hazards, premises owner's "duty is assessed under general applicable principles of negligence and [a determination of whether it breached that duty] is based upon whether or not the [owner] has used reasonable care to keep the approaches reasonably safe") (citation and punctuation omitted). See generally *Augusta Country Club v. Blake*, 280 Ga. App. 650, 655-656

9

(1) (b) (634 SE2d 812) (2006) (discussing, in cases of naturally-occurring accumulations such as ice or seed pods, Georgia's adoption of rule that owner may be negligent for failing to take remedial action to rectify a naturally-occurring hazard).

Consequently, this argument provides no basis for summary judgment to the Owner.

*Judgment affirmed. Hodges, J., concurs. Doyle, P. J. dissents.*

A20A1228. RSFPITTSGA v. SCHIESS.


DOYLE, Presiding Judge, dissenting.

I respectfully dissent because Schiess cannot demonstrate that RSFPITTSGA, LLC ("the Owner") had superior knowledge of the hazard, particularly in light of the fact that she had traversed the unpaved area numerous times before, and the tree root upon which she tripped was an unhidden, naturally-occurring object. Therefore, the trial court erred by denying summary judgment to RSFPITTSGA.

Viewed in favor of Schiess,[1] the evidence shows that Scheiss worked at a medical imaging center a five-minute walk from the Chick-fil-A restaurant. Over the course of a year and a half, Schiess walked to the Chick-fil-A for lunch once or twice a month, always taking the same route. This route took her across a road with a

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

median and along a sidewalk to the driveway entrance to the Chick-fil-A parking lot.[2]

At the threshold between the sidewalk and the driveway, the sidewalk was adjacent to a "flat-ish dirt area" that Schiess and other pedestrians crossed as they rounded the corner from the sidewalk to access the parking lot, bypassing the driveway entrance. Before she was injured, Schiess estimated that she walked this route approximately 16 times.

One day in July 2016, the weather was good, and Schiess embarked on her usual journey by foot to the Chick-fil-A. She successfully crossed the street and walked to the end of the sidewalk leading to the restaurant driveway. After she stepped off the sidewalk into the dirt area to approach the Chick-fil-A parking lot, she walked two or three steps within the dirt area, and her foot caught on a partially exposed root protruding from the ground. She tripped and fell, injuring two bones in her leg.

The majority holds that there is a question of fact as to the Owner's superior knowledge, but the evidence is undisputed that Schiess had traversed the area several times before, and the tree root was an unhidden, naturally occurring object in an

---

[2] The sidewalk resumed on the other side of the Chick-fil-A driveway.

unpaved area familiar to Schiess. Therefore, I believe the trial court should have granted summary judgment to the Owner.

> [If] an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. . . . [I]n order to recover for injuries sustained in a [trip]-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

> With respect to the first element, a defendant moving for summary judgment discharges its burden by pointing out by reference to the record that there is an absence of evidence to support the plaintiff's case. The plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known. Moreover, premises liability cases are not susceptible to summary adjudication except where the evidence is plain, palpable, and undisputed.[3]

---

[3] (Citations and punctuation omitted.) *Pye v. Reagin*, 262 Ga. App. 490, 491 (586 SE2d 5) (2003), quoting *Robinson v. Kroger*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997); *Taylor v. Golden Corral Corp.*, 255 Ga. App. 860, 861 (567 SE2d 109) (2002).

Here, the record shows that Schiess tripped on what she deposed was a partially exposed, "very large" root protruding a maximum of two inches above the surface of the ground. Schiess stated that the area was near pine trees, but it is undisputed that the ground was mostly exposed and not covered thickly in pine needles: "It was largely dirt. . . ." This Court has characterized protruding tree roots as static defects, stating: "A claim involving a static defect differs from other [trip] and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom."[4] Because Schiess regularly had traversed this unpaved area numerous times over the preceding months, and nothing obscured her view of the root, she had at least equal knowledge as the Owner of the natural state of the ground.[5] She deposed that although she was approaching the

---

[4] *Pye*, 262 Ga. App. at 491.

[5] See id. See also *Nemeth v. RREEF America, LLC*, 283 Ga. App. 795, 797 (1) (643 SE2d 283) (2007) (holding that uneven pavers caused by tree roots were a static defect because "the uncontroverted evidence [was] that the surface of the patio where [the plaintiff] fell was visibly uneven, with bricks as much as an inch or an inch and a half askew"). That the root was allegedly not discovered by the landscaping crew that had recently performed maintenance is of no moment. It remains undisputed that the protruding root was a naturally occurring object in an unpaved area and was discoverable when Schiess tripped on it.

4

Chick-fil-A driveway, there were no cars entering or leaving that distracted her, and she did not know of anything that would have prevented her from seeing it, stating, "it was very large . . . it was very big." "If nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks."[6] That is the case here.[7] "[O]ccupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects."[8] The tree root upon which Schiess tripped was in an unpaved area familiar to Schiess, and she was not hindered from seeing it as she walked over the area on the day in question. "The true basis of the proprietor's liability for an injury to its invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of

---

[6] (Punctuation omitted.) *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 643 (722 SE2d 366) (2012).

[7] See *City of Brunswick v. Smith*, 350 Ga. App. 501, 504 (829 SE2d 781) (2019) ("In cases involving a static condition, such as a pothole, 'a plaintiff is held to have knowledge of an open and obvious condition.'"); *Muskett v. Sketchley Cleaners*, 297 Ga. App. 561, 564 (3) (677 SE2d 731) (2009) ("Small cracks, holes, and uneven spots in pavement are considered static defects.").

[8] (Punctuation omitted.) *McLemore*, 313 Ga. App. at 643.

5

harm. Recovery is allowed only when the proprietor had knowledge and the invitee did not."[9]

The majority states that the fact that the root was undiscovered by a landscaping crew four days earlier supports a finding that the root was not a static defect that Scheiss would have encountered before. But if true, this merely demonstrates that a reasonable inspection had occurred in keeping with the regular weekly landscaping schedule , and the Owner lacked constructive knowledge of the root based on that inspection.[10]

Thus, because Schiess was familiar with the unpaved area and "had knowledge of the condition created by the protruding root[] at least equal to that of [the Owner], she has failed to establish that [the Owner] had superior knowledge of the hazard."[11] Accordingly, I believe the Owner is entitled to summary judgment as a matter of law under these facts.

---

[9] (Punctuation and emphasis omitted.) *Orff v. Stonewood Restaurant Group*, LLC, 285 Ga. App. 488, 489 (646 SE2d 702) (2007).

[10] Compare *Petrosky v. Embry Crossing Condo. Assn.*, 284 Ga. App. 354, 357 (1) (a) (643 SE2d 855) (2007).

[11] *Pye*, 262 Ga. App. at 492.